UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LOCAL 2110, TECHNICAL, OFFICE AND
PROFESSIONAL UNION, UAW, AFL-CIO,

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner,

-against-

Civil Action No. _____

COLUMBIA UNIVERSITY.

Respondent.
-------------------------------------------------------------------X

Petitioner Local 2110, Technical, Office and Professional Union, UAW, AFL-CIO ("Union"), by and through its attorneys, Levy Ratner, P.C., respectfully states:

## NATURE OF THE ACTION

1.  This action is brought pursuant to §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §9, to confirm the arbitration Award of Jay Nadelbach, Esq., dated August 5, 2016.

## THE PARTIES

2.  Petitioner is a labor organization representing employees in an industry affecting commerce as defined in Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. §152(5).

3.  Respondent Columbia University ("Employer") is an employer within the meaning of Section 2(2) of the NLRA, 29 U.S.C. 152(2), engaged in an industry affecting commerce within the meaning of Section 2(7) of the NLRA, 29 U.S.C. §152(7).

## JURISDICTION AND VENUE

4.  The Court has jurisdiction in this action pursuant to Section 301 of the LMRA.

5. Venue is proper in this district as the arbitration Award to be confirmed was made within this district. 9 U.S.C. §9.

## STATEMENT OF THE FACTS

6. Petitioner and Respondent are parties to a Collective Bargaining Agreement ("CBA") in effect from February 1, 2012 through January 31, 2015, which was extended by a Memorandum of Agreement ("MOA") in effect from February 1, 2015 through January 31, 2019. A copy of the CBA is attached as Exhibit A and incorporated by reference. A copy of the MOA is attached as Exhibit B and incorporated by reference.

7. Article 1 ("Recognition") of the CBA was unchanged by the later MOA. The language of Article 1E is reproduced below:

> E. (1) The parties agree to establish a joint labor/ management committee consisting of three representatives from each side. A neutral member will be added to serve as facilitator of committee meetings. The University will bear the facilitator's fees and expenses. The facilitator for the term of this agreement will be Jay Nadelbach. The committee shall meet at least quarterly. The University agrees to notify the Union of positions that fall into the following categories:
>
> a. Situations where a bargaining unit position is upgraded or reclassified to a position outside the bargaining unit; and
>
> b. Situations where a bargaining unit position is eliminated or significantly altered (through reorganization or for any other reason) and replaced by a newly created or existing position outside the bargaining unit.
>
> c. Any newly-created officer position below grade 13.
>
> (2) The Committee shall discuss the positions identified above to determine whether the position is appropriately excluded or included in the bargaining unit.
>
> a The University agrees to cooperate fully with the Union in providing relevant information in order to meaningfully

>    review the positions. Such information will be provided in a timely fashion.
>
> b.  Disputes which cannot be resolved by the joint labor/management committee shall be arbitrated by the Facilitator. Like cases and/or cases from the same department, school or division may be consolidated by mutual agreement.
>
> The 1986 Side Letter shall survive for whatever value it has. [See Appendix A.] All cases arising on or before September 30, 2003, are settled in accordance with the side letter on page 68.

(Exhibit A at 2).

8. Article 1E(2)(b) provides for arbitration of disputes arising under Article 1E.

9. An Article 1E dispute arose between Petitioner-Union and Respondent-Employer concerning whether the position of Assistant Director in Columbia Law School's Center for Constitutional Governance should be included within the Union's bargaining unit.

10. The dispute was submitted for arbitration, in accordance with Article 1E(2)(b) of the CBA, to the Article 1E Facilitator, Jay Nadelbach, Esq.

11. Arbitrator Nadelbach conducted hearings on October 13, 2015, December 10, 2015, and January 28, 2016. Witnesses were called and evidence was presented by both the Union and the Employer.

12. The Employer argued that the dispute was not arbitrable, that there was no violation of Article 1E, and that the position in question did not belong in the bargaining unit. The Union argued that the dispute was arbitrable, that Article 1E was violated, and that the position in question should be placed into the bargaining unit.

13.     On August 5, 2016, Arbitrator Nadelbach rendered his Award, a signed copy of which was provided to parties. The August 5, 2016 Award is attached as Exhibit C and incorporated by reference.

14.     The Award finds as follows:

The instant dispute is arbitrable. The University violated Article 1E of the collective bargaining agreement. The Grade 11 Assistant Director position in the Center for Constitutional Governance at Columbia Law School was improperly excluded from the bargaining unit. The position belongs in and, as a remedy, shall be placed in the bargaining unit.

(Exhibit C at 16).

15.     Arbitrator Nadelbach's Award was made in accordance with the terms and provisions of the parties' CBA and is in all respects proper. It draws its essence from the CBA, and it is a final and binding resolution of the dispute between the Union and the Employer.

16.     On September 1, 2016, Maida Rosenstein, President of the Union, emailed Daniel Driscoll, the Employer's Associate Vice President for Labor Relations and Client Services and Deputy Chief HR Officer, to inquire about the implementation of the arbitrator's Award. His response indicated that no steps had been taken to implement the Award. On September 7, 2016, Rosenstein followed up concerning implementation of the Award. She has received no response. The complete email exchange is attached as Exhibit D and incorporated by reference.

17.     To date, Respondent has not implemented the Award. Specifically, the Employer has not placed the position of Assistant Director in the Columbia Law School's Center for Constitutional Governance into the Local 2110 bargaining unit, as required by the Award.

18.     FAA Section 9 requires that a court confirm an arbitrator's award, upon application made within one (1) year of the award, unless the award is vacated, modified or corrected under FAA Sections 10 or 11.

19. Petitioner brings this application within one (1) year of the issuance of the Award, and no application has been made for vacatur, modification or correction of the Award.

20. The Award should be confirmed and enforced as a judgment of this Court pursuant to LMRA Section 301 and FAA Section 9.

21. Petitioner has not applied for the same or similar relief before this or any other court.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully prays for an Order confirming Arbitrator Nadelbach's August 5, 2016 Award, for entry of judgment in conformity therewith, and for costs and such other relief as the Court may deem proper.

Dated: September 20, 2016
New York, New York

LEVY RATNER, P.C.

_____
By: Dana E. Lossia
*Attorneys for Petitioner Local 2110,
Technical, Office & Professional
Union, UAW, AFL-CIO*
80 Eighth Avenue, 8th Floor
New York, New York 10011
(212) 627-8100
(212) 627-8182 (fax)
dlossia@levyratner.com